JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Sandra Franjonnie appeals her eighteen-month sentence for theft. We reverse and remand for resentencing.
On April 20, 2004, Franjonnie pleaded guilty to theft from Sundance Property Management, where she was employed as a human-resources director. A sentencing hearing was held on June 22, 2004. During the sentencing hearing, the trial court permitted Franjonnie's ex-husband to make a statement in which he alleged that Franjonnie had repeatedly stolen and lied in the past. At the conclusion of the hearing, the trial court sentenced Franjonnie to eighteen months.
In her first assignment of error, Franjonnie asserts that the trial court erred in sentencing her to the maximum prison term. We agree. Franjonnie pleaded guilty to a fourth-degree felony. If the trial court finds that at least one of nine factors listed in R.C. 2929.13(B)(1) applies to the defendant, that a prison term is consistent with the purposes and principles of sentencing, and that the defendant is not amenable to community control, it must impose a prison term for a fourth-degree felony.[1] If the trial court does not make one of the findings listed in R.C. 2929.13(B)(1), it may still impose a prison term if it finds that a prison term is consistent with the purposes and principles of sentencing, and that the defendant is not amenable to community control.[2]
The trial court found that Franjonnie held a position of trust, which is a factor listed in R.C. 2929.13(B)(1)(d). In our discussion of this factor in State v. Condon,[3] we stated that "a position of trust is one that derives generally from the offender's public, as opposed to private, standing."[4] Franjonnie's position as a human-resources director with a propertymanagement company was not one of public trust. We conclude that the court's finding that R.C. 2929.13(B)(1)(d) applied to Franjonnie was not clearly and convincingly supported by the record. The first assignment of error is well taken, and we therefore vacate the sentence and remand the matter back to the trial court for resentencing.
Even if the trial court had made a proper finding under R.C.2929.13(B)(1), we would have had to remand the matter back to the trial court. The state concedes that the trial court did not find that the prison term was consistent with the purposes and principles of sentencing, or that Franjonnie was not amenable to community control. If a trial court does not make the findings required by R.C. 2929.13(B), the appellate court must "remand the case to the [trial] court and instruct the sentencing court to state, on the record, the required findings."[5]
In her second assignment of error, Franjonnie claims that the trial court erred in allowing her ex-husband to make a statement during her sentencing hearing. R.C. 2929.19(A)(1) provides that, in addition to the offender, the prosecutor, and the victim, "with the approval of the court, any other person may present information relevant to the imposition of sentence in the case." The decision to allow a person with relevant information to address the court during the sentencing hearing is within the trial court's discretion.[6] We conclude that the trial court did not abuse its discretion in allowing Franjonnie's ex-husband to make a statement. The second assignment of error is overruled.
Therefore, the judgment of the trial court is reversed, and the matter is remanded for resentencing.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] R.C. 2929.13(B)(2)(a).
[2] State v. Brewer (Nov. 24, 2000), 1st Dist. No. C-000148.
[3] 152 Ohio App.3d 629, 2003-Ohio-2335, 789 N.E.2d 696.
[4] Id. at ¶ 104.
[5] R.C. 2953.08(G)(1).
[6] Condon, supra, at ¶ 117. See also, State v. Agner, 3d Dist. No. 8-01-25, 2002-Ohio-2352.